Frank BENNETT v. STATE. (No. 11677.) Court of Criminal Appeals of Texas. Nov. 14, 1928. See, also, 4 S. W.(2d) 62. A. L. Shaw, of Beaumont, for appellant. A. A. Dawson, State's Atty., of Austin, for the State.

HAWKINS, J. Conviction is for child desertion, punishment being by fine of $100 and imprisonment in the county jail for one year. No bills of exception are brought forward, complaining of any matters occurring during the trial. The case is exhaustively briefed on the question of the insufficiency of the evidence, but no statement of facts is found in the record. Of course, the question presented by the brief cannot be reviewed, in the absence of the evidence produced on the trial. The judgment is affirmed.

A. J. CANE v. STATE. (No. 12279.) Court of Criminal Appeals of Texas. Nov. 14, 1928. Olind H. Pitman, of Coleman, for appellant. A. A. Dawson, State's Atty., of Austin, for the State.

MORROW, P. J. Passing a forged instrument is the offense; punishment fixed at confinement in the penitentiary for a period of two years. The appeal is dismissed, upon the written request of the appellant.

Milo LAMPKIN v. STATE. (No. 12234.) Court of Criminal Appeals of Texas. Oct. 24, 1928. Harvey P. Shead, of Fort Worth, for appellant. A. A. Dawson, State's Atty., of Austin, for the State.

MORROW, P. J. The offense is theft over $50; punishment fixed at confinement in the penitentiary for a period of seven years. The indictment appears regular. The record is before this court without statement of facts or bills of exceptions. No fundamental error has been perceived or pointed out. The judgment is affirmed.

Bob MARSHALL v. STATE. (No. 11972.) Court of Criminal Appeals of Texas. Nov. 14, 1928. M. S. Long, Judge. Oliver Cunningham, of Abilene, for appellant. A. A. Dawson, State's Atty., of Austin, for the State.

HAWKINS, J. Conviction is for possessing intoxicating liquor for the purpose of sale; punishment being two years in the penitentiary. The record contains two bills of exception, neither of which can be intelligently appraised in the absence of a statement of facts, which is not brought forward. The judgment is affirmed.

George MASON, alias D. A. Murdock, v. STATE. (No. 11982.) Court of Criminal Appeals of Texas. Nov. 14, 1928. Lewis H. Jones, Judge. De Witt Bowmer, of Temple, for appellant. A. A. Dawson, State's Atty., of Austin, for the State.

HAWKINS, J. Conviction is for swindling; punishment being two years in the penitentiary. The record contains neither statement of facts nor bills of exception. In such condition, nothing is presented for review. The judgment is affirmed.

Ben A. NEILL v. STATE. (No. 12247.) Court of Criminal Appeals of Texas. Oct. 24, 1928. T. B. Ridgell, of Breckenridge, for appellant. A. A. Dawson, State's Atty., of Austin, for the State.

MORROW, P. J. The conviction is for the unlawful possession of intoxicating liquor for the purpose of sale; punishment fixed at confinement in the penitentiary for a period of one year. Upon the written request of the appellant, duly verified by his affidavit, the appeal is dismissed.

Wade PALMER v. STATE. (No. 11980.) Court of Criminal Appeals of Texas. Nov. 14, 1928. J. L. Manry, Judge. J. E. Edmondson, of Bellville, for appellant. A. A. Dawson, State's Atty., of Austin, for the State.

MORROW, P. J. The conviction is for the unlawful manufacture of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year. A plea of guilty was entered. Proof was made of the offense. The trial appears regular. There are no bills of exceptions in the record. The judgment is affirmed.

Clark PITCHFORD v. STATE. (No. 11981.) Court of Criminal Appeals of Texas. Nov. 14, 1928. J. L. Manry, Judge. J. E. Edmondson, of Bellville, for appellant. A. A. Dawson, State's Atty., of Austin, for the State.

LATTIMORE, J. Conviction for transporting intoxicating liquor; punishment, one year in the penitentiary. Appellant pleaded guilty. There are no bills of exception in the record. The statement of facts was sufficient, taking into consideration the fact that appellant, by his plea of guilty, admitted his having done the things charged in the indictment. No error appearing in the record, the judgment will be affirmed.